**COPY**

PAUL J. CAMBRIA, JR., ESQ. (State Bar No. 177957)
JONATHAN W. BROWN, ESQ. (State Bar No. 223901)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
Email: pcambria@lglaw.com;
        jbrown@lglaw.com

Attorneys for Plaintiff Vivid Entertainment, LLC

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

10 SEP 10 AM 11:11

FILED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC, a California Limited Liability Company, | Case No.: **CV 10 6731 - SJO (VBK)** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | |
| I.C.G. - INTERNET COMMERCE GROUP INC. , and DOES 1 through 10 inclusive, | 1. Copyright Infringement (Public Performance); 2. Copyright Infringement (Reproduction); 3. Copyright Infringement (Public Display); 4. Contributory Copyright Infringement 5. Inducement of Copyright Infringement |
| Defendants. | |

Plaintiff Vivid Entertainment, LLC, by and through its attorneys, herein

alleges and avers as follows:

### INTRODUCTION

1.     This is an action by plaintiff Vivid Entertainment, LLC ("Plaintiff" or

"Vivid"), to recover damages arising from Defendants' infringement of Vivid's

copyrights in its audiovisual works.   Vivid also seeks permanent and preliminary

1

---

COMPLAINT

injunctive relief barring Defendants from future infringement of its copyrights,

together with its costs and reasonable attorney's fees.  Among other things,

Defendants currently and in the past, without authorization or permission of

Plaintiff, have copied, performed, and publicly displayed Vivid's copyrighted

works, and contributorily infringed same and induced others to do so, by and

through their websites www.FemaleStars.com [hereinafter "FemaleStars.com"];

www.icelebonline.com [hereinafter "icelebonline.com"]; and

www..CelebrityHardcore.com [hereinafter "CelebrityHardcore.com"].

## JURISDICTION AND VENUE

2.      This is a civil action seeking injunctive relief and damages for

copyright infringement, brought pursuant to the Unite States Copyright Act,

codified as 17 U.S.C. §101, *et seq.*

3.      This Court has exclusive subject matter jurisdiction of this action

pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

4.      This Court has personal jurisdiction over Defendants, who upon

information and belief, solicit, transact and are doing business within the State of

California and this District; have committed unlawful and tortious acts both within

and without the State of California causing injury in California and this District;

and are regularly doing and soliciting business or engaging in a consistent course

2

of conduct in the State of California and this District. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

5.      Upon information and belief, venue is proper in this District under 28 U.S.C. §§1391(b), (c) and 28 U.S.C. §1400(a).

## **PARTIES**

6.      At all times relevant hereto, Plaintiff Vivid was and is a California limited liability company with its principal place of business in the State of California and this District.

7.      Plaintiff Vivid is the owner of copyrights in numerous adult-themed, sexually explicit motion pictures, some of which make up a part of the subject matter of this action.

8.      Upon information and belief, at all times relevant hereto, Defendant I.C.G. - Internet Commerce Group Inc. ("ICG") was and is an Arizona corporation with its principal place of business in Phoenix, Arizona.

9.      Upon information and belief, Defendant ICG does business as various Internet websites, including FemaleStars.com, icelebonline.com, and CelebrityHardcore.com, as well as other websites not yet known to Plaintiff, featuring adult-themed material.

10.     Upon information and belief, Defendant ICG was and is carrying on the activities and/or causing the injuries and damages complained of herein in this

3

COMPLAINT

judicial district and elsewhere; ICG directly competes with Plaintiff Vivid in the distribution of adult-oriented, audiovisual motion pictures on the Internet.

11.    The true names and capacities, whether individual, corporate, affiliate or otherwise, of Defendants Does 1-10, inclusive, are presently unknown to the Plaintiff, and for that reason those Defendants are sued by such fictitious names. The Plaintiff is informed and believes, and thereon alleges, that each of the Doe Defendants is in some way responsible for the damages herein alleged.  The Plaintiff will amend its Complaint when the true names and capacities of the Doe Defendants become known to it.

12.    Upon information and belief, each of the Defendants, including the fictitiously named Doe Defendants, was and is the agent and representative of the other Defendants acting within the purpose and scope of said agency and representation.  Plaintiff is further informed and believes that each of the Defendants, including the fictitiously named Doe Defendants, authorized and ratified the conduct herein alleged of each of the other Defendants.

## NATURE OF ACTION

13.    Plaintiff brings suit against each and every Defendant herein alleging copyright infringement, seeking both permanent and preliminary injunctive, monetary relief, costs and reasonable attorney's fees.

COMPLAINT

14.     Under Section 106 of the Copyright Act, Plaintiff Vivid has exclusive and distinct rights to, among other things, reproduce, publicly perform and publicly display its copyrighted motion pictures.  17 U.S.C. §§106(1), (4) and (5).

## FACTUAL BACKGROUND

15.     Due to the rapid improvement of modern electronic technology, consumers are able to enjoy a wide range of entertainment options, and can quickly download copyrighted motion pictures and movie clips at an ever-increasing rate from the Internet.

16.     This improved technology has been misused by many, in that some businesses have created and/or operate Internet websites that blatantly copy, download, and otherwise infringe audiovisual works copyrighted by others such as Plaintiff Vivid.

17.     Upon information and belief, Defendants, specifically including ICG, own and operate such websites, including FemaleStars.com, icelebonline.com, and CelebrityHardcore.com, as well as other websites not yet known to Plaintiff.

18.     Upon information and belief, Defendants have used technological advancements to willfully infringe copyrights belonging to Plaintiff, depriving Plaintiff of the lawful rewards that accompany creativity, effort and innovation. Defendants' blatant disregard of Plaintiff's exclusive rights under the Copyright Act threatens Plaintiff's business.

5

19.     Plaintiff Vivid is one of the leading producers of lawful adult-oriented, sexually explicit motion pictures in the world, and has been creating such audiovisual works since in or about 1984.  Plaintiff currently owns a library of copyrighted motion pictures that consists of thousands of videos and films, in videocassette tapes and digital formats (the "Works").

20.     Plaintiff sells and distributes its copyrighted Works in various formats, including Digital Versatile Disc ("DVD"), "On-Demand" cable and satellite programming, and via streaming and downloading videos by means of the Internet.  Plaintiff owns and operates numerous websites, including its popular website www.vivid.com, which allows paid subscription members of the website to view its copyrighted video content.

21.     During 2009, Plaintiff Vivid became aware that Defendant ICG was making certain of Plaintiff's copyrighted motion pictures (including "The Jimi Hendrix Sex Tape" and "Kim Kardashian Superstar") available for downloading and viewing by Defendant ICG's customers on ICG's websites, icelebonline.com and CelebrityHardcore.com, upon payment of a fee to ICG; such posting of Vivid's copyrighted motion pictures and the downloading of same was without permission or authorization of Plaintiff.

22.     Plaintiff demanded that Defendant ICG cease and desist from such conduct, and Defendant appeared to initially comply with said demand, removing

6

such infringing material from its icelebonline.com and CelebrityHardcore.com websites.

23.    More recently, in 2010 Plaintiff became aware that the Internet websites FemaleStars.com and icelebonline.com, upon information and belief owned and operated by Defendant ICG, were making certain of Plaintiff Vivid's copyrighted adult-themed motion pictures, as well as clips and individual images therefrom, available for download and viewing by ICG's customers, upon paying its fee.

24.    More specifically, Plaintiff Vivid became aware that Defendants' websites icelebonline.com and FemaleStars.com have been so unlawfully displaying, for downloading and viewing by its paying customers without Plaintiff's authorization or permission, Vivid's following four copyrighted motion pictures, which films are listed with their accompanying registration numbers issued by the United States Copyright Office:  "Kim Kardashian Superstar" (PA 1-393-447); "Faithless" (PA 1-631-437); "Karrine Steffans Superhead" (PA 1-335-742); and "Vince Neil & Janine – Hardcore and Uncensored" (PAu 2-294-046).

25.    As stated above, Defendant ICG had previously been downloading to its paying customers on its Internet websites without Plaintiff's permission, Vivid's copyrighted motion pictures "The Jimi Hendrix Sex Tape" (PA 1-644-861), and "Kim Kardashian Superstar."

7

26.     In addition to the above, Plaintiff Vivid has become aware that its following three copyrighted motion pictures have also been made available for downloading and viewing on Defendants' FemaleStars.com and icelebonline.com websites by their paying customers without Plaintiff's authorization; copyright registration has been applied for said films and is expected to be issued shortly by the United States Copyright Office: "Jessica Sierra Superstar"; "Kendra Exposed"; and "Montana Fishburne."

27.     Upon information and belief, it is likely that additional motion pictures copyrighted by Vivid have also been made available on the aforesaid websites, and possibly other websites as well, but Vivid has not yet discovered such additional copyright infringements.

28.     In addition to the foregoing, the Defendants' FemaleStars.com and icelebonline.com websites have also contained numerous copyrighted video clips and individual images of motion pictures for which Plaintiff owns the copyrights, and which upon information and belief have been downloaded by Defendants' customers for a fee, without permission or authorization of Plaintiff.

29.     Defendants' infringements of Plaintiff's copyrights have harmed and continue to harm the Plaintiff, including but not limited to, damage to its business and goodwill.  If left unchecked, such continued infringements will continue to

COMPLAINT

undermine Plaintiff and other creative enterprises that produce copyrighted audiovisual works, forcing Plaintiff to seek judicial redress.

30.     Plaintiff Vivid seeks a judgment from this Court in part declaring that Defendants' conduct in copying, publicly performing,  and displaying Plaintiff's copyrighted Works without authorization willfully infringes Plaintiff's copyrights; a permanent injunction requiring Defendants to stop their blatantly infringing conduct with regard to Plaintiff's copyrighted Works; and monetary damages consisting of Plaintiff's actual damages and Defendants' unlawful profits; or alternatively, statutory damages for Defendants' past and present willful infringements of not less than $150,000 per infringed work, in a minimum amount of $1,200,000 for the infringement of Vivid's eight known copyrighted motion pictures; plus Plaintiff's costs and reasonable attorney's fees.

## CLAIMS FOR RELIEF

## COUNT I

### Infringement of Copyright – Public Performance  17 U.S.C. §106(4)

31.     Plaintiff incorporates by reference paragraphs 1 - 30 of this Complaint as if fully set forth herein.

32.     Defendants, without the authorization or permission of Plaintiff Vivid, have been publicly performing Plaintiff's copyrighted Works when requested to do so by Defendants' customers and/or subscribers, by downloading said Works from

COMPLAINT

Defendants' Internet websites, FemaleStars.com, icelebonline.com,

CelebrityHardcore.com, and possibly other websites not yet known to Plaintiff,

upon payment of a fee. Such conduct by Defendants constitutes a direct

infringement of Plaintiff's exclusive rights granted to it pursuant to 17 U.S.C

§106(4).

33.     The foregoing acts of infringement by Defendants have been willful

and intentional, in deliberate disregard of the Plaintiff's exclusive rights under the

Copyright Act. As a direct and proximate result of said willful and intentional acts

of infringement, Plaintiff is entitled to recover its actual damages and lost profits,

pursuant to 17 U.S,C. §504(b), or in the alternative, to recover maximum statutory

damages for willful infringement in the sum of $150,000 per infringed Work,

pursuant to 17 U.S.C. §504(c).

34.     Defendants' conduct is causing, and unless enjoined by this Court,

will continue to cause Plaintiff irreparable injury that cannot fully be compensated

or measured in monetary damages. Plaintiff has no adequate remedy at law, and

pursuant to 17 U.S.C §502, is entitled to an injunction permanently, and

preliminarily pending the hearing and final determination of this action, enjoining

Defendants from publicly performing Plaintiff's copyrighted Works.

35.     Plaintiff should also be awarded its costs, including its reasonable

attorney's fees, pursuant to 17 U.S.C. §505.

COMPLAINT

## COUNT II

### Copyright Infringement – Reproduction  17 U.S.C. §106(1)

36.    Plaintiff incorporates by reference paragraphs 1 - 35 of this Complaint as if fully set forth herein.

37.    Defendants' without permission or authorization of Plaintiff Vivid, have been reproducing copies of Plaintiff's registered copyrighted Works, in the course of posting said Works to Defendants' Internet websites. FemaleStars.com, icelebonline.com, CelebrityHardcore.com, and possibly other websites not yet known to Plaintiff, and then downloading same to their customers for payment of a fee, constituting a direct violation of 17 U.S.C. §106(1).

38.    The foregoing acts of infringement by Defendants have been willful and intentional, in deliberate disregard of the Plaintiff's exclusive rights under the Copyright Act.  As a direct and proximate result of said willful and intentional acts of infringement, Plaintiff is entitled to recover its actual damages and lost profits, pursuant to 17 U.S,C. §504(b), or in the alternative, to recover maximum statutory damages for willful infringement in the sum of $150,000 per infringed Work, pursuant to 17 U.S.C. §504(c).

39.    Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated by monetary damages.  Plaintiff has no adequate remedy at law, and

11

COMPLAINT

pursuant to 17 U.S.C. §502, is entitled to an injunction permanently, and

preliminarily pending the hearing and final determination of this action, enjoining

Defendants from reproducing Plaintiff's copyrighted Works.

40.     Plaintiff should also be awarded its costs and reasonable attorney's

fees pursuant to 17 U.S.C. §505.

## COUNT III

### Infringement of Copyright – Public Display  17 U.S.C. §106(5)

41.     Plaintiff incorporates by reference paragraphs 1 - 40 of this Complaint

as if fully set forth herein.

42.     Defendants, without the authorization or permission of Plaintiff Vivid,

have been publicly displaying Plaintiff's copyrighted Works when requested to do

so by Defendants' customers and/or subscribers, by showing and/or downloading

individual images from said Works from their Internet websites, FemaleStars.com,

icelebonline.com, CelebrityHardcore.com, and possibly other Websites not yet

known to Plaintiff, upon payment of a fee.  Such conduct by Defendants

constitutes a direct infringement of Plaintiff's exclusive rights granted to it

pursuant to 17 U.S.C §106(5).

43.     The foregoing acts of infringement by Defendants have been willful

and intentional, in deliberate disregard of the Plaintiff's exclusive rights under the

Copyright Act.  As a direct and proximate result of said willful and intentional acts

12

COMPLAINT

of infringement, Plaintiff is entitled to recover its actual damages and lost profits, pursuant to 17 U.S,C. §504(b), or in the alternative, to recover maximum statutory damages for willful infringement in the sum of $150,000 per infringed Work, pursuant to 17 U.S.C. §504(c).

44.     Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot fully be compensated or measured in monetary damages.  Plaintiff has no adequate remedy at law, and pursuant to 17 U.S.C §502, is entitled to an injunction permanently, and preliminarily pending the hearing and final determination of this action, enjoining Defendants from publicly displaying Plaintiff's copyrighted Works.

45.     Plaintiff should also be awarded its costs, including its reasonable attorney's fees, pursuant to 17 U.S.C. §505.

## COUNT IV

### Contributory Copyright Infringement

46.     Plaintiff incorporates by reference paragraphs 1 - 45 of this Complaint as if fully set forth herein.

47.     Users of Defendants' websites FemaleStars.com and icelebsonline.com, and in the past their website CelebrityHardcore.com, and possibly others not yet known to Plaintiff Vivid, have infringed and are continuing to infringe Plaintiff's rights in its copyrighted audiovisual Works by downloading

13

COMPLAINT

infringing copies or images of Plaintiff's Works and publicly performing, copying and/or displaying such infringing works, all without Plaintiff's authorization or permission.

48.    Such users of Defendants' websites are therefore directly infringing Plaintiff's exclusive right of public performance, public display and/or reproduction, afforded to Plaintiff pursuant to 17 U.S.C. §§106(1), (4) and (5).

49.    Defendants have actual and constructive knowledge that users of Defendants' FemaleStars.com, icelebonline.com, CelebrityHardcore.com, and possibly other websites not yet known to Plaintiff are employing said websites to publicly perform, copy and/or publicly display Plaintiff's copyrighted Works, which are well known and recognizable and even advertised on Defendants' aforesaid websites.

50.    Defendants are liable as contributory copyright infringers for the aforesaid infringing acts of the users of FemaleStars.com, icelebonline.com, CelebrityHardcore.com, and possibly other websites owned and operated by Defendants, in that Defendants enable, induce, facilitate and materially contribute to each direct act of copyright infringement by such users in downloading all or portions of Plaintiff's copyrighted Works, including individual images thereof.

COMPLAINT

51.    Defendants' acts of contributory infringement have been willful and intentional, in disregard of the exclusive rights of Plaintiff as afforded it under the Copyright Act.

52.    As a direct and proximate result of Defendants' contributory infringement of Plaintiff's copyrighted Works and exclusive rights therein, Plaintiff is entitled to its actual damages plus Defendants' profits from infringement pursuant to 17 U.S.C §504(c), or alternatively, the maximum statutory damages pursuant to 17 U.S.C. §504(c) of $150,000 per infringed work.

53.    In addition, Defendants' conduct is causing, and unless enjoined by this Court permanently, and preliminarily during the pendency of this action, will continue to cause Plaintiff great and irreparable injury that cannot fully be remedied by monetary damages.  Plaintiff has no remedy at law, and pursuant to 17 U.S.C. §502, Plaintiff is entitled to injunctive relief prohibiting Defendants from contributorily infringing copyrighted Works.

54.    Plaintiff is entitled to recover its costs, including its reasonable attorney's fees, pursuant to 17 U.S.C. §505.

## COUNT V

### Inducement of Copyright Infringement

55.    Plaintiff incorporates by reference paragraphs 1 - 54 of this Complaint as if fully set forth herein.

COMPLAINT

56.    Upon information and belief, Defendants have induced and encouraged their customers to download all or parts of Plaintiff Vivid's copyrighted Works from Defendants' Internet websites FemaleStars.com, icelebsonline.com, CelebHardcore.com, and possibly others not yet known to Plaintiff, without Plaintiff's permission or authorization, thereby causing Defendants' customers themselves to directly infringe Plaintiff's exclusive rights granted to it pursuant to 17 U.S.C. §106.

57.    By reason of the foregoing, Defendants are liable under the Copyright Act for inducing the direct infringing acts of their customers as users of their websites, including FemaleStars.com, icelebonline.com, CelebrityHardcore.com, and possibly other websites not yet known to Plaintiff.

58.    Defendants are fully aware that Plaintiff's Works are protected under the Copyright Act, and that by encouraging their customers to download Plaintiff's copyrighted Works without permission or authorization from Plaintiff, said customers are themselves directly infringing Plaintiff's copyrighted Works. Clearly Defendants intend to encourage such direct infringement by their customers, in violation of the Copyright Act.

59.    Defendants' aforesaid acts of inducing copyright infringement have been willful and intentional, in disregard of Plaintiff's exclusive rights under the Copyright Act.

COMPLAINT

60.     By reason of the foregoing, Plaintiff is entitled to recover its actual damages and Defendants' profits pursuant to 17 U.S.C §504(b) or in the alternative, maximum statutory damages of $150,000 per infringed work pursuant to 17 U.S.C. §504(c).

61.     Defendants' aforesaid conduct is causing, and unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated by monetary damages.  Plaintiff has no adequate remedy at law, and pursuant to 17 U.S.C. §502, is entitled to an injunction permanently, and preliminarily during the pendency of this action, enjoining Defendants' continued inducement of the direct infringement of Plaintiff's Works by Defendants' customers.

62.     Plaintiff is also entitled to recover its costs, including its reasonable attorney's fees, pursuant to 17 U.S.C. §505.

**WHEREFORE**, Plaintiff Vivid prays for judgment against Defendants as follows:

1.     Granting a judgment declaring that Defendants' websites FemaleStars.com, icelebonline.com, CelebrityHardcore.com, and possibly other websites not yet known to Plaintiff, are infringing Plaintiff's exclusive rights granted under the Copyright Act, 17 U.S.C. § 106, for its audiovisual Works, both directly and contributorily;

17

COMPLAINT

2.     Granting Plaintiff Vivid a permanent injunction, and preliminarily pending the hearing and final determination of this action, enjoining Defendants, and their agents, servants, officers, employees, partners, successors, assigns, licensees, and all those persons acting in concert with them, from directly or indirectly infringing, causing or enabling, facilitating, or encouraging or inducing the infringement of any of Plaintiff's respective exclusive rights in its Works granted by the Copyright Act, 17 U.S.C. §106, whether such Works are now in existence or hereafter created;

3.     Awarding Plaintiff Vivid its actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b), in an amount to be determined at trial; or in the alternative, awarding Plaintiff its maximum statutory damages of $150,000 for each Work willfully infringed by Defendants pursuant to 17 U.S.C. §504(c), in an amount not less than $1,200,000 for the above eight known infringed Works;

4.     Awarding Plaintiff Vivid its costs, including its reasonable attorney's fees, pursuant to 17 U.S.C. §505;

5.     Awarding Plaintiff Vivid its pre- and post-judgment interest according to law;

6.     An Order compelling Defendants to destroy all copies of Plaintiff Vivid's copyrighted Works that Defendants have made as part of the operation of

18

COMPLAINT

their aforesaid websites and that have been used to infringe upon Plaintiff's exclusive rights pursuant to 17 U.S.C. § 106; and

7.    Granting Plaintiff Vivid such other and further relief as the Court may deem just and proper.

Dated:  September 8, 2010

LIPSITZ GREEN SCIME CAMBRIA LLP

By:

Paul J. Cambria, Jr., Esq.

Attorneys for Plaintiff
Vivid Entertainment, LLC

COMPLAINT

## <u>REQUEST FOR JURY TRIAL</u>

Plaintiff Vivid Entertainment, LLC hereby demands a jury trial as to all those issues triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  September 8, 2010

LIPSITZ GREEN SCIME CAMBRIA LLP

By: _____
        Paul J. Cambria, Jr., Esq.

Attorneys for Plaintiff
Vivid Entertainment, LLC

20

COMPLAINT

☐ COPY

Name & Address:
Paul J. Cambria, Jr., Esq. (SBN 177957)
Jonathan W. Brown, Esq.(SBN 223901)
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC, *a California Limited Liability Company,* PLAINTIFF(S) <br><br> v. <br><br> I.C.G. - INTERNET COMMERCE GROUP, INC. and DOES 1 through 10, inclusive, DEFENDANT(S). | CASE NUMBER <br><br> CV10 6731 -SJO (VBK) <br><br> SUMMONS |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __24__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, **Lipsitz Green Scime Cambria, LLP**, whose address is 42 Delaware Avenue, Suite 120, Buffalo, New York 14202. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   **'10 SEP 2010**

By:   MARILYN DAVIS
      Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                      SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**COPY**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
VIVID ENTERTAINMENT, LLC

**DEFENDANTS**
I.G.C. - INTERNET COMMERCE GROUP, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202    (716) 849-1333

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ 1,200,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. §106. Defendants posted Plaintiff's copyrighted works on their Internet website, and downloaded them without authorization, as direct copyright infringement.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV10   6731**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | I.C.G. - Internet Commerce Group, Inc. - Arizona |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   9/10/10

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |